**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

BIG LOTS STORES, INC.,

                Plaintiff

vs.

BUREAU VERITAS CONSUMER
PRODUCTS SERVICES, INC.,

                Defendant

**CIVIL ACTION NO. 1:16-cv-10899**

**JURY TRIAL DEMANDED**

### PLAINTIFF BIG LOTS STORES, INC.'S COMPLAINT

Plaintiff, Big Lots Stores, Inc., through its undersigned counsel, complains of Defendant, Bureau Veritas Consumer Products Services, Inc., and states as follows:

### I.   PARTIES

1.   Plaintiff Big Lots Stores, Inc. (hereafter referred to as "Big Lots") is a foreign corporation with its principle place of business located in the State of Ohio.

2.   Defendant Bureau Veritas Consumer Products Services, Inc. (hereafter referred to as "Bureau Veritas") is a Massachusetts corporation with the following registered agent of process: CT Corp., 155 Federal St., STE 700, Boston, MA 02110.

### II.   JURISDICTION AND VENUE

3.   As a Massachusetts corporation, Bureau Veritas is subject to the general jurisdiction of the Massachusetts courts.  M.G.L. c. 223A, § 2.

4.   Given the existence of complete diversity of citizenship and damages in excess of $75,000, jurisdiction lies in the United States District Court.  28 U.S.C. § 1332(a).

5.   Venue is proper in the District of Massachusetts.  28 U.S.C. § 1391.

### III.    FACTUAL ALLEGATIONS

6.    Bureau Veritas provides services for safety testing and legal compliance for products manufactured outside the United States and imported into the United States for sale by retailers.

7.    Big Lots was a customer of Bureau Veritas.  Big Lots contracted with and relied upon Bureau Veritas for the safety testing of foreign products to be sold in Big Lots' stores.  Bureau Veritas held itself out as an expert in testing both foreign and domestic products and represented that it evaluated the testing needs of each product based on where the product will be marketed and who will use the product as well as all other necessary and legally required testing.

8.    Big Lots used Bureau Veritas as its exclusive testing provider for many years and Bureau Veritas dedicated an employee solely to Big Lots and stationed that employee permanently on Big Lots' campus to further ensure Bureau Veritas recognized and met all of Big Lots' testing needs.  Big Lots relied upon Bureau Veritas' expertise in the testing industry to determine the testing protocols for foreign products prior to sale in Big Lots stores. Of course, Big Lots' also relied upon Bureau Veritas to perform all necessary testing as represented.

9.    At all times herein, Bureau Veritas, either individually and/or through its related corporation, Bureau Veritas Consumer Products Services (India), Pvt. Ltd. (hereafter referred to as "Bureau Veritas - India"), was engaged by Big Lots to test and inspect a large Mosaic Tabletop Tiki Torch (hereafter referred to as "Mosaic Torch") for Big Lots.

10.     Bureau Veritas controlled, managed, participated in or was otherwise responsible for the testing performed on the Mosaic Torch and ensuring the Mosaic Torch met the necessary safety standards to sell in the United States.

11.     Bureau Veritas indicated to Big Lots that the Mosaic Torch passed all necessary safety and legal compliance testing for sale in the United States and was safe for Big Lots to sell in its stores.

12.     In March of 2013, Big Lots began to sell the Mosaic Torch in its stores. By the end of April 2013, Big Lots' customers began to report incidents where the torch could flare up and emit burning lamp oil onto consumers and property, posing fire and burn hazards. Big Lots pulled the Mosaic Torch from its shelves and ultimately issued a full recall.

13.     Since the recall of the Mosaic Torch, a number of lawsuits (hereafter referred to as the "Torch Lawsuits") have been filed against Big Lots alleging injuries from the Mosaic Torch and seeking millions of dollars in damages. These lawsuits include the following: 1) Luz Mejia for Estate of Mauricio Carvajal v. Big Lots, et al., Cause No.: 5:13-cv-504-HL, filed in the United States District Court for the Western District of Texas (San Antonio Division); 2) Mackenzie Shrum, a minor, by her Father and next friend, Jarrod Shrum v. Big Lots, et al., Cause No.: 14-3135, filed in the United States District Court for the Central District of Illinois (Springfield Division); 3) Mari Linn Lacovara v. Big Lots Stores, Inc. et al., Cause No.: 01:14-cv-01953, filed in the Camden Vicinage, District of New Jersey; 4) Diana Frick and Joseph Frick, her husband v. Big Lots Stores, Inc., Cause No.: 2:15-cv-00360-DSC, filed in the United States District Court for the Western District of Pennsylvania.

14. In addition to the Torch Lawsuits, numerous other customers have made claims (hereafter referred to as the "Torch Claims") against Big Lots alleging personal injuries and property damage from the Mosaic Torch. In most instances, these Torch Claims were resolved without the filing of a Lawsuit.

15. The plaintiffs in the Torch Lawsuits allege there was improper or inadequate safety testing performed on the Mosaic Torch. Bureau Veritas was also named a party to the Torch Lawsuits but alleged lack of jurisdiction because it is a Massachusetts company with its principle place of business in Buffalo, New York. Bureau Veritas was ultimately dismissed for lack of jurisdiction from all but one Torch Lawsuit and it has a motion to dismiss for lack of jurisdiction pending in another Torch Lawsuit. Accordingly, Big Lots is now filing claims against Bureau Veritas in Massachusetts.

16. Big Lots does not admit liability for the Torch Lawsuits or for any Torch Claim but incorporates the allegations against Big Lots from those lawsuits and claims alleging damages and/or injuries resulting from inadequate safety inspection and testing of the Mosaic Torch. The plaintiffs in the Torch Lawsuits allege that Big Lots was negligent in failing to properly test and inspect the subject torches including, *inter alia* failing to test the subject torches with the torch fuel sold in Big Lots' stores prior to releasing them into the stream of commerce. Big Lots asserts that the responsibility for safety inspection and testing of the Mosaic Torch was the sole responsibility of Bureau Veritas and Bureau Veritas is responsible for any alleged injury or damage that resulted from inadequate or deficient safety testing.

## IV.  COUNT 1 – COMMON LAW INDEMNITY

17. Big Lots incorporates by reference the allegations contained in paragraphs 1 through 16 of its Complaint as if alleged fully herein.

18. Big Lots further asserts that any alleged defect or safety deficiency in the Mosaic Torch should have been discovered by Bureau Veritas, and Big Lots therefore, asserts that any injuries and/or damages sustained by any plaintiff in the Torch Lawsuits, claimant of a Torch Claims, or any alleged victim of the Mosaic Torch should be attributed to improper or deficient safety testing and any liability arising from said acts and/or omissions must be attributed to Bureau Veritas.

19. Big Lots did not join or take part in any negligent act of Bureau Veritas.

20. Big Lots asserts that Bureau Veritas is liable to Big Lots for implied or common law indemnity for any amounts paid out to the plaintiffs in the Torch Lawsuits, Torch Claims or to any other alleged victim of the Mosaic Torch and for any amounts Big Lots may become liable in relation to the Mosaic Torch for the reasons set forth in this Complaint, including any attorney's fees and costs incurred by Big Lots.

## V.     COUNT 2 - CONTRIBUTION

21. Big Lots incorporates by reference the allegations contained in paragraphs 1 through 20 of its Complaint as if alleged fully herein.

22. Plaintiff Big Lots further asserts that any alleged defect or safety deficiency in the Mosaic Torch should have been discovered by Bureau Veritas and, therefore, asserts that any injuries and/or damages sustained by any plaintiff in the Torch Lawsuits, claimant of a Torch Claim or any alleged victim of the Mosaic Torch should be

attributed to improper or deficient safety testing and any liability arising from said acts and/or omissions must be attributed to Bureau Veritas.

23. Bureau Veritas is independently at fault and directly liable for the injuries sustained by any plaintiff in the Torch Lawsuits or any alleged victim of the Mosaic Torch.

24. Bureau Veritas is liable for contribution to Big Lots for any amounts paid out to the plaintiffs in the Torch Lawsuits and for any amounts Big Lots may become liable in relation to the Mosaic Torch for the reasons set forth in this Complaint.

25. Bureau Veritas is directly liable to Big Lots for its pro rata share of any common liability.  *See* M.G.L. c. 231B.

## VI. COUNT 3 - BREACH OF CONTRACT

26. Big Lots incorporates by reference the allegations contained in paragraphs 1 through 25 of its Complaint as if alleged fully herein.

27. Big Lots and Bureau Veritas had a valid contract, implied in law and fact, and evidenced by, among other things, years of business dealings and extensive writings and communications between the parties.  The contract required Bureau Veritas to perform all required and necessary safety testing for Big Lots foreign products, including the Mosaic Torch.

28. The contract was entered into for adequate consideration.

29. Big Lots has performed fully under the contract.

30. Bureau Veritas has breached the contract, by among other things, failing to fully and adequately perform testing it was contracted by Big Lots to perform.

31. As a result of Bureau Veritas' breach, Big Lots has been damaged. Big Lots' damages include, but are not limited to, the cost of the recall of the Mosaic Torch, the amounts Big Lots' must compensate any plaintiff in the Torch Lawsuits, claimant of a Torch Claim or other alleged victim of the Mosaic Torch and the damage to Big Lots' business and reputation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Big Lots Stores, Inc., respectfully requests that this Court award it relief as follows:

A. Judgment in favor of Plaintiff and against Defendant on all claims.

B. An award of damages to Plaintiff, in amounts to be proven at trial;

C. An award of pre-judgment and post-judgment interest on any award of damages at the maximum rate permitted by law;

D. An award of actual and reasonable attorneys' fees and costs for services incurred in pursuing and prosecuting this action; and

E. Such other and further relief as this Court deems just and equitable.

## **JURY DEMAND**

Big Lots respectfully requests a trial by jury on all counts so triable.

Dated: May 18, 2016

Respectfully submitted,

BIG LOTS STORES, INC.

/s/ Paul R. Mastrocola
Paul R. Mastrocola (BBO # 630664)
pmastrocola@burnslev.com
Howard Susser (BBO # 636183)
hsusser@burnslev.com
Laura Lee Mittelman (BBO # 689752)
lmittelman@burnslev.com
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110
Tel: (617) 345-3000